Form G-3 (20230922)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION ▼DIVISION

In re: Telephone USA Investments, Inc.       ) Chapter 11 ▼
                                              )
                                              ) No. 24-01686
                                              )
       Debtor(s)                              ) Judge A. Benjamin Goldgar

## NOTICE OF MOTION

TO: See attached list

      PLEASE TAKE NOTICE that on February 26, 2024, at 9:30 a.m.▼, I will appear before the Honorable A. Benjamin Goldgar ▼, or any judge sitting in that judge's place, **either** in courtroom 642 of the Everett McKinley Dirksen United States Courthouse▼, 219 S. Dearborn Street, Chicago, IL 60604 ▼or electronically as described below, and present the motion of Debtor _____ [to/for] Debtor to Continue Using Existing Bank Accounts _____, a copy of which is attached.

      **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

      **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

      **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

      **Meeting ID and passcode.** The meeting ID for this hearing is 1615000972, and the passcode is 726993. The meeting ID and passcode can also be found on the judge's page on the court's web site.

      **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ Susan Poll Klaessy

Susan Poll Klaessy (#6298625)
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500/Fax: (312) 832-4700
spollklaessy@foley.com

# CERTIFICATE OF SERVICE

    I, Susan Poll Klaessy, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on February 8, 2024, at 5:00 pm.

    /s/ Susan Poll Klaessy
    [Signature]

Telephone USA Investments, Inc.
18600 S. Oak Park Avenue
Tinley Park, IL 60477-3980

Akin Gump Stauss
Hauer, & Feld, LLP
Attn: Erin Peek
2001 K. Street N.W.
Washington, DC 20006-1037

Akin Gump Stauss
Hauer, & Feld, LLP
Attn: Jennifer L. Richter
2001 K Street N.W.
Washington, DC 20006-1037

Akin Gump Stauss Hauer,
& Feld, LLP
Attn: Charles F. Connolly
2001 K Street N.W.
Washington, DC 20006-1037

Akin Gump Stauss Hauer,
& Feld, LLP
Dept. 7247-6827
Philadelphia, PA 19170-0001

Butler Snow LLP
Attn: Phillip S. Sykes
1020 Highland Colony Pkwy.
#1400
Ridgeland, MS 39157-2139

Lumen Technologies, Inc.
fka, CenturyTel, Inc.
100 Centurylink Dr.
Monroe, LA 71203-2041

Miller, Canfield, Paddock & Stone
Attn: LaVon M. Johns
150 W. Jefferson
#2500
Detroit, MI 48226-4432

Polsinelli PC
Attn: Jerry L. Switzer, Jr.,
150 N. Riverside Plaza
#3000
Chicago, IL 60606-1599

Polsinelli PC
Attn: Nathan B. Grzegorek
150 N. Riverside Plaza
#3000
Chicago, IL 60606-1599

The Furnier Muzzo Group, LLC
Attn: Christopher L. Muzzo, Esq.
P.O. Box 54231
Cincinnati, OH 45254-0231

Timothy W. Wright III, LLC
1351 E. Hyde Park Blvd.
Chicago, IL 60615-3386

Ulmer & Berne LLP
Attn: Christiane M. McKnight
500 W. Madison St.
#3600
Chicago, IL 60661-4587

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TELEPHONE USA INVESTMENTS, INC.[1], | ) Case No. 24-01686 |
| | ) |
| | ) Honorable A. Benjamin Goldgar |
| Debtor-in-Possession. | ) |
| | ) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTOR TO CONTINUE USING ITS EXISTING BANK ACCOUNTS AND BUSINESS FORMS; (B) WAIVING COMPLIANCE WITH INVESTMENT GUIDELINES UNDER 11 U.S.C. § 345(b); AND (C) GRANTING RELATED RELIEF**

Telephone USA Investments, Inc. ("Telephone USA"), the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), by and through its proposed counsel, Foley & Lardner LLP, hereby submit this Motion (the "Motion"), pursuant to sections 105, 345, 363, 364, 503, 553, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtor to continue using the existing bank accounts and business forms; and (b) waiving compliance with investment guidelines under 11 U.S.C. § 345(b).  As set forth below, granting the Debtor the relief requested in the Motion is crucial to its ability to operate its business during the Chapter 11 case without interruption and to minimize the expense and burden on the Debtor's estate.

---

[1] The last four digits of the Debtor's federal tax identification number is 1351.  The Debtor's principal address is 18600 South Oak Park Ave, Tinley Park, IL 60447.

4869-8962-5761.5

In support of this Motion, the Debtor incorporates by reference the Declaration of Jospeh Stroud in Support of the Debtor's First Day Motions (the "First Day Declaration")[2]. In further support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1. The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 345, 363, 364, 503, 553, 1107, and 1108 of the Bankruptcy Code, rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 4001-2 and 5005-3 of the Local Bankruptcy Rules for the Northern District of Illinois (the "Local Rules").

**BACKGROUND**

**A.    The Chapter 11 Filing**

4. On February 7, 2024 (the "Petition Date"), the Debtor commenced with this Court voluntary case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in an effort to preserve and maximize the value of the chapter 11 estate.

5. The Debtor continues to operate its business and manage its properties as debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Contemporaneously with the filing of this Motion, the Debtor filed the First Day Declaration, which is incorporated herein by reference. The First Day Declaration provides a more complete description of the Debtor's business and the events leading to the Chapter 11 filing.

2

4869-8962-5761.5

6. No party has requested the appointment of a trustee or examiner in this chapter 11 case, and no committees have been appointed or designated.

**B.    The Debtor's Existing Bank Accounts**

7. Prior to the commencement of the Chapter 11 Case, and in the ordinary course of its business, the Debtor maintains three (3) bank accounts (the "Bank Accounts") to manage the funds it holds to operate its business. A list of the Bank Accounts is attached hereto as **Exhibit B**.

8. As of the Petition Date, substantially all of the Debtor's cash is held in the following Bank Accounts: (a) an account held by the Debtor at Charles Schwab which has approximate $11,880 as of the Petition Date, (b) an account held by the Debtor at Seaway Bank, a division of Self-Help Federal Credit Union (the "Seaway Bank"), which has approximately $15,201.45 as of the Petition Date, and (c) an account held by the Debtor at United Fidelity Bank, which as approximately $4,495.15 as of the Petition Date.[3] Charles Schwab and United Fidelity Bank are insured depositories by the Federal Deposit Insurance Corporation (the "FDIC").

9. The Bank Accounts are used for the business activities and operations of the Debtor. Any cash used by the Debtor during the bankruptcy case will be sourced from the either Seaway Bank or United Fidelity Bank due to the administrative freeze placed on the Charles Schwab account. Any fees incurred to maintain the Bank Accounts are paid by the Debtor.

**C.    The Debtor's Existing Business Forms and Checks**

10. In the ordinary course of business, the Debtor uses checks, correspondence and numerous other business forms including, but not limited to, invoices, purchase orders and envelopes (collectively, the "Business Forms"). To minimize administrative expense and delay, the Debtor requests authority to continue to use its Business Forms substantially in the forms

---

[3] The amounts are subject to slight variations due to monthly interest charges and/or dividend deposits.

3

existing immediately prior to the Petition Date, without reference to the Debtor's "Debtor-in-Possession" status.

**RELIEF REQUESTED AND BASIS THEREFOR**

A. **The Court Should Approve the Debtor's Continued Use of the Bank Accounts Because They Are Essential to the Debtor's Operations**

11. Upon filing the Chapter 11 proceeding, the Debtor became bound by the operating guidelines for debtor in possession (the "Operating Guidelines") established by the Office of the United States Trustee for the Northern District of Illinois (the "UST"). The Operating Guidelines further state that:

> Immediately upon the filing of the Chapter 11 case, the DIP is required to close previous bank accounts and open one or more accounts designated as Debtor In Possession accounts. "Debtor In Possession" shall be imprinted on the face of all checks issued by the DIP. All disbursements made by a DIP must be made by check or draft drawn on the DIP's account. Note that as of October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, PL 109-8, April 20, 2005, 119 Stat 23, 11 U.S.C. § 1115(a)(2) provides that earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted to a case under chapter 7, 12, or 13, whichever occurs first, are property of the estate. Accordingly, such post-petition earnings from services performed by an individual debtor should be deposited in the DIP account. Note also that unless court approval is obtained, postpetition earnings should not be used to pay any claims against the estate. All DIP funds and bank accounts must be collateralized in accordance with the provisions of 11 U.S.C. §345.
>
> Pre-petition books and records of the debtor should be closed as of the date of the filing of the petition. Thereafter new books and records should be kept for the DIP.

Operating Guidelines at ¶ 2.

12. The Debtor submits that the chapter 11 case will be more orderly and more effective, with a minimum harm to operations, if the Bank Accounts are maintained as they were before the Petition Date.

4

13. The continuation of the Bank Accounts is permitted pursuant to section 363(c)(1) of the Bankruptcy Code, which authorizes the debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). Bankruptcy courts routinely treat requests for authority to continue utilizing existing cash management systems as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987). The requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient." *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in relevant part*, 997 F.2d 1039, 1061 (3d Cir. 1993); *see also In re Southmark Corp.*, 49 F.3d 1111, 1114 (5th Cir. 1995) (stating that cash management system allows debtor "to administer more efficiently and effectively its financial operations and assets").

14. The Debtor respectfully requests that the Court enter an Order authorizing the continued use of the Bank Accounts, rather than opening new debtor-in-possession accounts.[4] If the Debtor were required to open all new bank accounts, the Debtor would incur additional administrative costs and its ability to operate would be hindered.

15. The Debtor respectfully submits that parties in interest will not be harmed by the maintenance of the Bank Accounts because the Debtor has implemented appropriate mechanisms to ensure that payments will not be made on account of obligations incurred before the Petition Date, other than those authorized by the Court. The Debtor will continue to work closely with the Banks to ensure that appropriate procedures are in place to prevent checks that were issued prepetition from being honored without the Court's approval.

---

[4] The Debtor proposes to maintain the Bank Accounts on an interim basis for the next thirty (30) days. If the UST does not file a written objection thereto before expiration of the thirty (30) day period, the accompanying Order provides that the Debtor shall be authorized to maintain and utilize the Bank Accounts post-petition on a permanent basis.

5

4869-8962-5761.5

16. Accordingly, the Debtor respectfully requests that the Court enter an Order authorizing the continued use of the Bank Accounts to facilitate the Debtor's transition into chapter 11. Specifically, the Debtor respectfully requests that the Court authorize the Banks to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor-in-possession, without interruption and in the ordinary course of business. The Debtor further respectfully requests that the Court authorize and direct the Banks to receive, process, honor, and pay any and all checks, wire transfer, ACH payments and other instructions, and drafts payable through, or drawn or directed on, such Bank Accounts after the Petition Date by holders, makers, or other parties entitled to issue instructions with respect thereto for such checks, drafts, wires, credit card, or ACH payments are dated subsequent to the Petition Date. The Debtor also respectfully requests that, to the extent a Bank honors a prepetition check or other item drawn on any account that is the subject of this Motion, either at the direction of the Debtor or in a good-faith belief that the Court has authorized such prepetition check or item to be honored, such Bank will not be deemed to be liable to the Debtor or to its estate on account of such prepetition check or other item honored post-petition. Such relief is reasonable and appropriate because the Banks are not in a position to independently verify or audit whether the Debtor may pay a particular item in accordance with a Court order or otherwise.

17. Finally, the Debtor respectfully requests that the Court authorize the Debtor to continue to pay the bank fees, including any prepetition bank fee, and further authorize the Banks to chargeback returned items to the Bank Accounts, whether such items are dated prior to, on, or subsequent to the Petition Date, in the ordinary course of business.

**B.    The Debtor's Continued Use of Existing Checks and Business Forms is Appropriate**

18. As set forth above, in the ordinary course of business, the Debtor uses checks and other business forms. To minimize expense to the Debtor's estate and distraction to its agents, the

6

Debtor requests authority to continue to use its business forms, substantially in the forms existing immediately before the Petition Date, without reference to the status as debtor-in-possession. Use of new business forms would greatly increase the Debtor's costs and add significantly to the administrative burdens of transitioning to operations in Chapter 11.

19. The Debtor submits that parties in interest will not be prejudiced if the Debtor is authorized to continue to use its business forms substantially in the forms existing immediately before the Petition Date. There are minimal parties doing business with the Debtor, all of which will be sent notice of the commencement of this case. In light of the notice that creditors will receive, the Debtor respectfully submits that changing business forms is both unnecessary and unduly burdensome. Indeed, courts in this district have allowed debtors to use their prepetition business forms without the "debtor in possession" label. *See, e.g.*, *In re ITR Concession Co.*, No. 14-34284 (PSH) (Bankr. N.D. Ill. Oct. 28, 2014); *In re Edison Mission Energy*, No. 12-49219 (JPC) (Bankr. N.D. Ill. May 15, 2013); *In re Corus Bankshares, Inc.*, No. 10-26881 (PSH) (Bankr. N.D. Ill. July 9, 2010); *In re Bridgeview Aerosol, LLC*, No. 09-41021 (PSH) (Bankr. N.D. Ill. Nov. 2, 2009); *In re XHM Corp. 1 (f/k/a Hartmarx Corp.)*, No. 09-02046 (BWB) (Bankr. N.D. Ill. Jan. 26, 2009).

C. **Cause Exists for A Waiver of the Debtor's Compliance with the Investment Guidelines of Section 345 of the Bankruptcy Code**

20. Section 345 of the Bankruptcy Code governs a debtor's deposits and investments of cash during a Chapter 11 case and authorizes deposits or investments of money "such as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," Section 345(b) of the Bankruptcy Code

7

requires that the estate secure from the entity with which the money is deposited or invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety, unless the Court orders otherwise. *Id.* § 345(b). In the alternative, the estate may require that the entity deposit governmental securities pursuant to 31 U.S.C. § 9303.[5] *Id.* § 345(b).

21. The Court has the discretion to extend or waive the investment guidelines requirement under Section 345(b) of the Bankruptcy Code "for cause." 11 U.S.C. § 345(b); *see also* 140 Cong. Rec. H10752-01 (Oct. 4, 1995) (noting that Section 345(b) investment guidelines may be "wise in the case of a smaller debtor with limited funds that cannot afford a risky investment to be lost, [but] can work to needlessly handcuff larger, more sophisticated debtors"). Courts have previously held that, in determining whether "cause" exists for the waiver, the court should consider the sophistication and size of the debtor's business, the bank ratings of the financial institutions where the funds are held, the complexity of the debtor's bankruptcy case, and the reasonableness of the debtor's request for relief from Section 345 in light of the overall circumstances. *In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

22. Cause exists to grant a waiver of the requirements of Section 345 of the Bankruptcy Code. The Debtor does not maintain any bank accounts that expose its funds to high levels of investment risk. The Bank Accounts are maintained at financially stable banking institutions, two of which are insured by the FDIC. Thus, requiring adherence to the strictures of Section 345(b) of the Bankruptcy Code is unnecessary and would needlessly impede the administration of the Debtor's case.

23. For all the foregoing reasons and authorities, the Debtor believes that the relief requested herein is amply justified by the facts and circumstances of this case.

---

[5] This statute provides that where a person is required by law to give a surety bond, that person, in lieu of such surety bond, may provide a governmental obligation. 31 U.S.C. § 9303.

8

4869-8962-5761.5

**NOTICE**

24.     The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the Northern District of Illinois, (b) the holders of the twenty (20) largest unsecured claims against the Debtor, and (c) any party that has requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**The Requirements of Bankruptcy Rule 6003 Are Satisfied**

25.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For reasons discussed above, (a) authorizing the Debtor to continue using its existing bank accounts and business forms; and (b) granting a waiver of the requirements of Section 345 of the Bankruptcy Code, as well as granting the other relief requested herein, is integral to the Debtor's ability to transition its operation into the chapter 11 case.  Failure to receive such authorization and other relief during the first 21 days of the chapter 11 case would disrupt the Debtor's ability to pay post-petition amounts owed when due.  For the reasons discussed herein, the relief requested is necessary in order for the Debtor to operate its business in the ordinary course and preserve the ongoing value of the Debtor's operations and maximize the value of its estate for the benefit of all stakeholders.  Accordingly, the Debtor submits that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

**Reservation of Rights**

26.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's right to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the

9

Bankruptcy Code.  The Debtor expressly reserves its right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

27.    To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### No Prior Request

28.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order, in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

10

4869-8962-5761.5

Dated: February 8, 2024

/s/ *Susan Poll Klaessy*
Susan Poll Klaessy (#6298625)
Nora J. McGuffey (*Pro Hac Vice* Pending)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
spollklaessy@foley.com
nora.mcguffey@foley.com

Timothy C. Mohan (#6319377)
**FOLEY & LARDNER LLP**
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2000
Fax: (720) 437-2200
tmohan@foley.com

*Proposed Counsel to the Debtor
and Debtor in Possession*

11

4869-8962-5761.5