# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TELEPHONE USA INVESTMENTS, INC.,[1] ) | Case No. 24-01686 |
| ) | |
| ) | Honorable A. Benjamin Goldgar |
| Debtor-in-Possession. ) | |
| ) | |

## NOTICE OF SUBPOENA FOR RULE 2004 EXAMINATION

PLEASE TAKE NOTICE that pursuant to Federal Rule of Bankruptcy Procedure 2004 and Federal Rule of Civil Procedure 45, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016, Telephone USA Investments, Inc. (the "Debtor"), by and through its attorneys, intend to serve the Subpoena for Rule 2004 Examination attached hereto as Exhibit 1 (the "Subpoena") on Lumen Technologies, Inc. f/k/a CenturyTel, Inc., c/o CT Corporation System, Registered Agent, 208 So. LaSalle St., Suite 814, Chicago, IL 60604 ("Respondent") and/or Respondent's counsel of record. Service of the Subpoena will take place on or after May 24, 2024.

PLEASE TAKE FURTHER NOTICE that, pursuant the Subpoena and Federal Rule of Bankruptcy Procedure 2004, counsel for the Debtors will take the examination of Respondent, commencing at 9:00 a.m. Central Standard Time on June 10, 2024, or other mutually convenient date and time, and continuing thereafter until complete. The examination will be taken for all permissible uses and purposes, in-person at Foley & Lardner LLP, 321 N. Clark St., Suite 3000, Chicago, IL 60654, and be before a Notary Public, or some other officer duly authorized by law to take such examinations. The examination will be stenographically and/or videographically

---

[1] The last four digits of the Debtor's federal tax identification number is 1351. The Debtor's principal address is 18600 South Oak Park Ave., Tinley Park, IL 60447.

recorded and will be used for all purposes permitted by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

PLEASE TAKE FURTHER NOTICE that Respondent is required to produce the documents identified in the Subpoena attached hereto as <u>Exhibit A</u> within 14 days of service of the Subpoena.

DATED: May 24, 2024          Respectfully submitted by:

/s/ *Susan Poll Klaessy*
Susan Poll Klaessy (#6298625)
Nora J. McGuffey (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
spollklaessy@foley.com
nora.mcguffey@foley.com

Timothy C. Mohan (#6319377)
**FOLEY & LARDNER LLP**
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2000
Fax: (720) 437-2200
tmohan@foley.com

*Counsel to the Debtor and Debtor in Possession*

# **CERTIFICATE OF SERVICE**

I, Susan Poll Klaessy, certify that on May 24, 2024, I served a copy of this notice and the attached motion to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants requesting electronic service, including the following:

- **Joshua D. Greene**   joshua.d.greene@usdoj.gov
- **Nathan B Grzegorek**   ngrzegorek@polsinelli.com, chicagodocketing@polsinelli.com
- **Steve Jakubowski**   sjakubowski@robbinsdimonte.com, steve.jakubowski.lp@gmail.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Nora J. McGuffey**   nora.mcguffey@foley.com
- **Timothy Mohan**   tmohan@foley.com
- **Susan Poll Klaessy**   spollklaessy@foley.com, dnichols@foley.com,susan-poll-klaessy-4388@ecf.pacerpro.com,rjanczek@foley.com
- **Carolina Y. Sales**   csales@robbinsdimonte.com, mrussell@robbinsdimonte.com;jtronina@robbinsdimonte.com
- **Jerry L Switzer**   jswitzer@polsinelli.com, chicagodocketing@polsinelli.com,cbrennan@polsinelli.com,dandreacchi@polsinelli.com
- **Phillip S. Sykes**   phillip.sykes@butlersnow.com, cindy.grantham@butlersnow.com;ecf.notices@butlersnow.com;caroline.smith@butlersnow.com

I further certify that a copy of the notice and motion is also being served on the following individuals on the attached Service List via first class, U.S. Mail.

/s/ Susan Poll Klaessy  
Susan Poll Klaessy

4862-5352-9025.2

# SERVICE LIST

Label Matrix for local noticing
0752-1
Case 24-01686
Northern District of Illinois
Eastern Division
Tue Apr  9 18:46:07 CDT 2024

Akin Gump Stauss
Hauer, & Feld, LLP
Attn: Erin Peek
2001 K. Street N.W.
Washington, DC 20006-1037

Akin Gump Stauss
Hauer, & Feld, LLP
Attn: Jennifer L. Richter
2001 K Street N.W.
Washington, DC 20006-1037

Akin Gump Stauss Hauer,
& Feld, LLP
Attn: Charles F. Connolly
2001 K Street N.W.
Washington, DC 20006-1037

Akin Gump Stauss Hauer,
& Feld, LLP
Dept. 7247-6827
Philadelphia, PA 19170-0001

Butler Snow LLP
Attn: Phillip S. Sykes
1020 Highland Colony Pkwy.
#1400
Ridgeland, MS 39157-2139

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Joshua D. Greene
DOJ-Ust
219 South Dearborn St.
Suite 873
Chicago, IL 60604-2027

Nathan B Grzegorek
Polsinelli PC
150 N. Riverside Plaza
Suite 3000
Chicago, IL 60606-1599

Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn Street, Room 2600
Chicago, IL 60604-1705

Internal Revenue Service
PO BOX 7346
Philadelphia, PA 19101-7346

Steve Jakubowski
Robbins DiMonte, Ltd
180 N. LaSalle Street, Suite 3300
Chicago, IL 60601-2808

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Lumen Technologies, Inc.
f/k/a CenturyTel, Inc.
c/o Jerry L. Switzer, Jr., Polsinelli PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606-1599

Lumen Technologies, Inc.
fka, CenturyTel, Inc.
100 Centurylink Dr.
Monroe, LA 71203-2041

Nora J. McGuffey
Foley & Lardner LLP
321 N. Clark Street
Suite 3000
Chicago, IL 60654-4762

Miller, Canfield, Paddock & Stone
Attn: LaVon M. Johns
150 W. Jefferson
#2500
Detroit, MI 48226-4432

Miller, Canfield, Paddock & Stone, PLC
C/O Ronald A. Spinner
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415

Timothy Mohan
Foley & Lardner LLP
600 17th Street
Suite 2020s
Denver, CO 80202-5415

Susan Poll Klaessy
Foley & Lardner LLP
321 N. Clark Street
Suite 3000
Chicago, IL 60654-4762

Polsinelli PC
Attn: Jerry L. Switzer, Jr.,
150 N. Riverside Plaza
#3000
Chicago, IL 60606-1599

Polsinelli PC
Attn: Nathan B. Grzegorek
150 N. Riverside Plaza
#3000
Chicago, IL 60606-1599

Carolina Y. Sales
Robbins DiMonte, Ltd.
180 N. LaSalle St.
Suite 3300
Chicago, IL 60601-2808

Jerry L Switzer
Polsinelli, PC
150 North Riverside Plaza
Suite 3000
Chicago, IL 60606-1599

Phillip S. Sykes
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157-2139

Telephone USA Investments, Inc.
P O Box 5257
Oak Brook, IL 60522-5257

(p)THE FOURNIER MUZZO GROUP LLC
ATTN CHRISTOPHER L MUZZO
2590 CONCORDGREEN DRIVE
CINCINNATI OH 45244-3638

Timothy W. Wright III, LLC
1351 E. Hyde Park Blvd.
Chicago, IL 60615-3386

Ulmer & Berne LLP
Attn: Christiane M. McKnight
500 W. Madison St.
#3600
Chicago, IL 60661-4587

4862-5352-9025.2

# **EXHIBIT 1**

**Subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

___NORTHERN___ District of ___ILLINOIS, EASTERN DIVISION___

In re ___Telephone USA Investments, Inc.___  
      Debtor

Case No. ___24-01686___

Chapter ___11___

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Lumen Technologies, Inc. f/k/a CenturyTel, Inc. ("Lumen") c/o Jerry Switzer, Polsinelli, 150 N. Riverside Plaza, Suite 3000, Chicago, IL 60606

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Foley & Lardner LLP<br>321 N. Clark St., Suite 3000<br>Chicago, IL 60654 | June 10, 2024, at 9:00 a.m. CST |

The examination will be recorded by this method: ___stenographically and/or videographically___

☒ *Production:* You, or your representatives, must, **within 14 days of service of this Subpoena**, produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Rider

  The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___05/24/2024___

  CLERK OF COURT

            OR

_____    _____/s/ Susan Poll Klaessy_____  
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Telephone USA Investments, Inc. ("Debtor") _____, who issues or requests this subpoena, are:

Susan Poll Klaessy, Foley & Lardner, LLP; spollklaessy@foley.com; (312) 832-5105; 321 N. Clark St., Suite 3000, Chicago, IL 60654

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TELEPHONE USA INVESTMENTS, INC. ) | |
| ) | Case No. 24-01686 |
| ) | |
| Debtor-in-Possession. ) | Honorable A. Benjamin Goldgar |
| ) | |

## RIDER TO SUBPOENA FOR RULE 2004 EXAMINATION
## LUMEN TECHNOLOGIES, INC. F/K/A CENTURYTEL, INC.

Telephone USA Investments, Inc. (the "Debtor"), by and through undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034 and the *Order Granting Motion to Conduct Rule 2004 Examination* [Docket No. 64], requests that Lumen Technologies, Inc., f/k/a/ CentruyTel, Inc. produce written responses, papers, documents, electronically-stored information, and tangible things within their possession, custody, or control designated below, or copies thereof, to the attention of Susan Poll Klaessy (spollklaessy@foley.com), Timothy Mohan (tmohan@foley.com), and Elysia Lampert (elampert@foley.com) at Foley & Lardner, LLP within the time required by the applicable rules

## DEFINITIONS

1. "All Documents and Communications" means all Documents and Communications in Your possession, custody, or control, and all information that is reasonably available to You.

2. "Arbitration" means the arbitration initiated by Lumen against the Debtor on December 8, 2021 with the American Arbitration Association.

3. "Bankruptcy Case" means the above-referenced chapter 11 case filed by the Telephone USA Investments, Inc., Case No. 24-1686, pending in the Bankruptcy Court.

4. "Bankruptcy Code" means title 11 of the United States Code, as may be amended

1

from time to time.

5. "Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of Illinois.

6. "Communications" means any transmittal of facts, ideas, inquiries, or otherwise, including without limitation any transmission of information by one or more Persons and/or between two or more Persons by any means such as, but not limited to, email, telephone conversations, letters, text messages, instant messages, social media content, other computer linkups, metadata, written memoranda, and face-to-face conversations, including without limitation, a Person(s) seeing or hearing any information by any means and any Document memorializing or referring to the contact.

7. "Debtor" means Telephone USA Investments, Inc.

8. "Document" includes without limitation the original and all copies of all written, printed, typed, or otherwise recorded matter however produced or reproduced, of every kind and description, in whatever form (e.g., final and draft version), including, but not limited to, emails, text messages, instant messages, any other electronically-stored information stored on any media for digital data storage or transmittal, all writings, contracts, policy statements, manuals, spreadsheets, power point presentations, telephone messages, voice mails, checks, notes, correspondence, letters, telegrams, notes, mailgrams, minutes of any meetings, agendas, memoranda, interoffice communications, reports, studies, forecasts, project analyses, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of accounts, worksheets, reports, lists, analyses, summaries, ledger accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers,

stock certificates, licenses, calendars, appointment books, diaries, drawings, graphs, charts, photographs, sound recordings, telephone bills, telephone records, or any other tangible things. Any preliminary versions, drafts, or revisions of any of the foregoing, any Document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another Document, or any Document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another Document, is to be considered a separate Document.

9. "Entity" means without limitation any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

10. "FCC" means Federal Communications Commission.

11. "Hilco" means Hilco IP Services, LLC d/b/a Hilco Steambank.

12. "Holdings" means TelUSA Holdings, LLC f/k/a Telephone USA of Wisconsin, LLC.

13. "Including" or "includes" means including without limitation or includes without limitation.

14. "Lumen" means Lumen Technologies, Inc., f/k/a/ CentruyTel, Inc.

15. "Person" means any natural person, or Entity.

16. "Petition Date" means February 7, 2024, the date the Bankruptcy Case was filed.

17. "Relating" or "refer" or "relate" means involved with, consists of, refers to, pertains to, reflects or is in any way logically, factually or legally connected with the particular matter discussed. This includes Documents that mention, describe, discuss, memorialize, concern, constitute, contain, evidence, reflect, depict, support, regard, consist of, relate to, or refer to, in any

3

way, whether or not on the face of the Document, directly or indirectly, the specified topic or topics.

18. "Schedules" means Debtor's bankruptcy schedules (Official Form 206A/B through 206(H) filed in the Bankruptcy Case, Docket No. 17, and as thereafter amended.

19. "SOFA" means Debtor's Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) filed in the Bankruptcy Case, Docket No. 17, and as thereafter amended.

20. "Sent" or "received" as used herein means, in addition to their usual meanings, the transmittal or reception of a Document by physical, electronic or other delivery, whether by direct or indirect means.

21. "Services Agreement" means the Amended and Restated Administrative Services Agreement dated July 17, 2022 between Lumen and Telephone USA of Wisconsin, LLC.

22. "Subpoena" means the Subpoena for Rule 2004 Examination issued by the Debtor to Lumen in the Bankruptcy Case attached hereto.

23. "Wisconsin" shall mean Telephone USA of Wisconsin, LLC.

24. "You" or "Your" means Lumen.

## INSTRUCTIONS

1. Unless otherwise stated below, the definitions and instructions set forth in the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois and the Federal Rules of Bankruptcy Procedure shall apply to these Requests for Production.

2. In each of Your responses to these Requests for Production, You are requested to provide not only such information as is in Your possession, but also all information that is reasonably available, whether or not it is in Your possession, or the possession of Your directors,

officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, by Your accountants or their agents, employees, representatives or subsidiaries, or by Your attorneys or their agents, employees, representatives or investigators.

3. All documents and communications that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

4. Documents not otherwise responsive to these Requests shall be produced if such documents mention discuss, refer to, or explain the documents that are called for by these Requests or if such documents are attached to documents called for by these document Requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

5. Documents produced shall be identified to correspond to the categories in these Requests or they shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained by You. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

6. Documents attached to each other shall not be separated.

7. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

8. If You have no documents responsive to a Request, You must say so in Your response.

9. To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, (a) the present tense shall be construed to include the past

tense and vice versa, (b) the singular includes the plural and vice versa, and (c) the terms "and" and "or" are both conjunctive and disjunctive.

10. These Requests shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense, or any objection to any of Your discovery requests, nor shall they be construed as an admission of any fact.

11. If You claim attorney-client privilege, work product protection, or any other privilege for any document provided or requested, You shall provide a detailed privileged log containing at least the following information for each document that You have withheld:

  a. State the date of the document;

  b. Identify each and every author of the document;

  c. Identify each and every person/preparer who participated in the preparation of the document;

  d. The names of those who have knowledge of the matters contained in the document or communication;

  e. Identify each and every person who received the document;

  f. Identify each and every person to whom the document was sent;

  g. State the present location of the document and all copies thereof;

  h. Identify each and every person having custody or control of the document and all copies thereof;

  i. Provide additional information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

12. For the purpose of construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

13. The singular number and masculine gender as used herein shall embrace, and be read and applied as, the plural or the feminine or the neuter, as the circumstances may make appropriate, and in order to make the request inclusive rather than exclusive.

14. "Any" includes the word "all" and "all" includes the word "any." The disjunctive includes the conjunctive and vice versa as necessary to bring within the scope of these Requested Documents or Communications that might otherwise be considered to be beyond its scope.

15. These Requests are continuing in nature. You have a duty to reasonably supplement any prior response to the extent information, objects, or tangible things come into Your possession, custody, or control or become known to You.

16. Unless otherwise specified, the relevant time period for each Request is January 1, 2019 to the present.

17. In making a production, electronically stored information ("**ESI**") is to be produced in a single-page TIFF format, with load files demarcating document breaks, providing parent-child information, OCR, and relevant metadata, except that Excel or other spreadsheets are to be produced in native format. You shall provide all the image files, delimited text files, OCR text, and metadata fields with the following additional metadata fields:

| Name of Field | Comments | Applicable ESI |
|---|---|---|
| PAGE COUNT | Number of pages in a document. | All |
| ATTACH COUNT | Number of attachments, or documents embedded into an email or edoc | All |
| ATTACH TITLE | Email attachments title list | Email |
| APPLICATION | Type of application used to generate the document | E-mail, Documents & Spreadsheets, Digital Photos |

| Name of Field | Comments | Applicable ESI |
|---|---|---|
| DOCUMENT CATEGORY | The category of document (Email, Email Attachment, or E-Doc) | All |
| DUPLICATE CUSTODIANS OR CUSTODIAN ALL | The names of all the persons who had primary control over the locations from which the unproduced duplicate copies of the documents were collected where de-duplication or other narrowing process has been done across the data sources | E-mail, Documents & Spreadsheets, Digital Photos |
| EMAIL CONVERSATION INDEX | ID used to tie together e-mail threads | E-mail |
| DIRECTORY PATH | The full directory path, including filename, of the mail file, *e.g.* PST, from which the email was obtained | E-mail |
| REDACTED | Identifies whether the document is redacted | All |

18. Production should be provided via secure FTP transmission.

## EXAMINATION REQUESTS

**YOU ARE REQUIRED** to produce the following documents and records pursuant to the Subpoena:

1. All Documents related to Lumen's management of Holdings' and Wisconsin's operations, including board meeting minutes, operational reports, and financial analyses.

2. All Documents related to financial results from Holdings' and Wisconsin's operations, including balance sheets, income states, and statements of cash flows for the regular accounting period (*i.e.*, monthly, quarterly, and/or annually).

3. All Documents and Communications related to Lumen's analysis of Holdings' and Wisconsin's financial results.

4. All tax returns filed by Holdings and Wisconsin.

5. All Documents related to the calculation of capital account balances for each party with an ownership interest in Holdings.

6. All Documents evidencing the entities that are paying taxes for earnings from Holdings' and/or Wisconsin's operations and the amounts paid or to be paid by such entities.

7. All Documents related to estimated distributions that would have or could have been distributed to the Debtor, but for the ongoing dispute between the Debtor and Lumen.

8. All Documents related to valuations or appraisals performed by Lumen or at Lumen's direction, with respect to the value of Holdings, Wisconsin, or the Debtor.

9. All Documents and Communications related to any proposals made by Lumen to acquire the Debtor and/or its ownership interests in Holdings.

10. All Documents related to Lumen's claim against the Debtor, including, but not limited to, invoices for attorneys' fees and any other costs or fees it has included in its claim and a detailed calculation of any interest Lumen is claiming.

11. All Documents related to the auction process conducted by Hilco relating to the attempted sale of the Debtor's interest in Holdings, including, pitch books for Hilco and any other auctioneer or third party Lumen considered using, invoices for Hilco's fees, all Documents and information contained in the diligence data room, all bids or inquiries received, any analyses or reports Hilco conducted, all efforts Hilco took to market the asset, a list of all recipients to whom Hilco sent the auction notice, and all bases for inclusion or exclusion of recipients on that list.

12. All Documents and Communications related to any efforts by Lumen to obtain the necessary governmental approvals to take over ownership and management of Holdings' regulated assets, including but not limited to any such approvals relating to this bankruptcy proceeding or to the death of Joseph Stroud, and all responses thereto from such governmental entities

13. All Documents and Communications between Lumen and any governmental agencies regarding Holdings' and/or Wisconsin's operations, including but not limited to, any rejected applications for FCC licenses and the reasons therefore, and any alleged violations, infractions or other governmental or administrative investigations or inquiries into Lumen relating to matters regulated by the FCC.

14. All Documents and Communications regarding estimates, reports, and/or studies of the historical usage and forecasts for future usage of rural landlines in Wisconsin.

15. All Documents and Communications regarding estimates, reports, and/or studies regarding the historical usage and forecasts for future usage of Holdings' and/or Wisconsin's telecommunication services.

16. All Documents and Communications regarding the cost and ability to upgrade Holdings' and/or Wisconsin's telecommunication services to include broadband and/or internet services.

17. All board minutes, agendas, notes, and correspondences relating to the Debtor, including Lumen's initial partnership with the Debtor and related financial information thereto.

18. All Documents and Communications regarding board meetings relating to Debtor, including but not limited to Lumen's decision to not attend board meetings called by the Debtor with respect to Holdings and/or Wisconsin.